## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN PABLO MONTIEL YANEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-1239 |
| | § | |
| CONFICASA HOLDINGS, INC. | § | |
| | § | |
| *Defendant.* | § | |

### MEMORANDUM AND ORDER

Pending before the Court is Defendant's Rule 12(b)(3) Motion to Dismiss for Improper Venue and to Compel Arbitration (Dkt. #5). Having considered the motion, response, and the applicable law, the Court is of the opinion that Defendant's Motion to Dismiss and to Compel Arbitration should be GRANTED.

### Factual and Procedural Background

On March 11, 2002, Conficasa Holdings Inc. ("Defendant" or "Conficasa"), a Texas Corporation, executed a promissory note (the "Conficasa Note") to Juan Pablo Montiel Yanez ("Plaintiff" or "Montiel"), a Mexican citizen, for the sum of $146,000.00 plus interest, to secure a loan received from Plaintiff. *See* Dkt. #1, Ex. A. According to the terms of the Conficasa Note,

> the entire unpaid principal balance of this Promissory Note, together with all accrued and unpaid interest and fees and other charges, if any, payable hereunder, shall be and is due and payable within thirty (30) days of Payee giving written notice to Maker that this Promissory Note is due and payable. [("Notice Provision")]

On March 31, 2003, the parties, along with Innovative Holdings Group, LLC ("IHG"), entered into an agreement (the "IHG Agreement"). *See* Dkt. #5, Ex. B. The IHG Agreement

contains four main provisions:

> 1. **Purchase and Sale of the Interest, and Purchase Price for the Interest.**[1] Upon the terms and subject to the conditions set forth in this Agreement, Montiel hereby sells, assigns, transfers and conveys to IHG, and IHG hereby purchases, obtains and acquires from IHG [sic], the Interest. In consideration of and in exchange for Montiel's sale, assignment, transfer and conveyance of the Interest, and further, as and for consideration for each and every one of the warranties, covenants, agreements, promises, terms and conditions herein made by Montiel upon which IHG specifically relies, IHG hereby covenants and agrees to pay unto Montiel, the aggregate sum of One Hundred Twenty Two Thousand Five Hundred and No/100 Dollars ($122,500.00) for the Interest. . . .
>
> 2. **Resignation of Montiel.** Montiel hereby agrees to resign as a member of the Board of Directors and Vice President of Operation [sic] for Mexico of ConfiCasa, and as a Manager of Innovative.
>
> 3. **Payment of the Note.** Subject to the terms and conditions set forth in this Agreement, ConfiCasa agrees to pay Montiel an amount equal to at least One Thousand Five Hundred and No/100 Dollars ($1,500.00) per month beginning March 31, 2002, and continuing regularly and at the same interval thereafter until the entire unpaid principal balance of the [Conficasa] Note, together with all accrued and unpaid interest and fees and other charges, if any, payable thereunder, is paid in full. [("Monthly Payment Provision")]
>
> 4. **Agreement of IHG.** Subject to the terms and conditions set forth in this Agreement, IHG agrees to release Montiel as a guarantor under the [$500,000 Master Revolving Note between Conficasa and Comerica Bank] and to have his investment account with Comerica Bank released as collateral under the Security Agreement within six (6) months of the Effective Date.

Additionally, the IHG Agreement contains an Arbitration clause, which reads:

> 7. **Arbitration.** Any unresolved dispute or controversy arising under or in connection with this Agreement shall be settled exclusively by arbitration, conducted before a sole arbitrator in Houston, Texas in accordance with the then-current Commercial Arbitration Rules of the American Arbitration Association (excluding rules governing the payment of arbitration, administrative, or other fees or expenses to the arbitrator or such Association), to the extent that such Rules do not conflict

---

[1] The "Interest" is: "(i) a fifty percent (50%) membership interest in Innovative International Co., LLC, a Texas limited liability company, and (ii) one hundred twenty five thousand (125,000) shares of common stock, par value $0.20 each, of Conficasa." Dkt. #5, Ex. B.

with the terms of this Agreement. The arbitrator shall not have the authority to add to, detract from, or modify any provision hereof nor to award punitive damages to any injured party. A decision by the arbitrator shall be final and binding, and judgment may be entered on the arbitrator's award in any court having jurisdiction. The direct expense of any arbitration proceeding shall be borne as the arbitrator may determine. The arbitrator shall have the authority to order or award any provisional remedy or other remedy or relief which may be available from a court of law with respect to such unresolved dispute or controversy, including but not limited to interim orders or awards, but the arbitrator shall have no power or authority to order or grant any remedy or relief which a court could not order or grant under applicable law. Notwithstanding the provisions of this Paragraph 7, either party may seek any interim, provisional or injunctive relief that may be necessary to protect the rights or property of such party or to maintain the status quo before, during or after the pendency of any arbitration proceeding and the institution and maintenance of any judicial action or proceeding for any such interim, provisional or injunctive relief shall not constitute a waiver of the right or obligation of either party to submit such disputes or controversies to arbitration.

On January 5, 2006, Plaintiff, through counsel, sent Defendant a demand letter seeking payment of the $146,000.00 balance within 30 days, pursuant to the terms of the Conficasa Note. *See* Dkt. #1, Ex. B. Defendant did not pay the balance. Thereafter, Plaintiff filed this action on April 12, 2006, claiming breach of the contractual provisions of the Conficasa Note. Plaintiff seeks the $146,000.00 plus interest.

Defendant filed its Rule 12(b)(3) Motion to Dismiss for Improper Venue and to Compel Arbitration on May 9, 2006 (Dkt. # 5). Plaintiff timely filed his Response to Defendant's Motion to Dismiss on May 30, 2006 (Dkt. #8), and Defendant filed a Reply on June 13, 2006 (Dkt #9).

## Discussion

Defendant argues arbitration and subsequent dismissal of the action are appropriate here because the arbitration clause in Paragraph 7 of the IHG Agreement governs Plaintiff's claim for breach of contract. The Court agrees.

3

**Motion to Compel Arbitration**

The Fifth Circuit has found parties have agreed to arbitrate if: (1) a valid agreement to arbitrate between the parties exists and (2) the dispute in question falls within the scope of that arbitration agreement. *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 462 (5th Cir. 2001). In determining these two factors, a court "must bear in mind the strong federal policy favoring arbitration and resolve any ambiguity as to the availability of arbitration in favor of arbitration." *Id.* Here, the IHG Agreement is a valid agreement among IHG, Defendant, and Plaintiff, supported by consideration. Paragraph 7 of the IHG Agreement contains a valid arbitration clause, which extends to "[a]ny unresolved dispute or controversy arising under or in connection with [the IHG] Agreement."[2] Thus, the Court must determine whether Plaintiff's claim for breach of contract falls within the scope of the IHG Agreement, and thereby within the scope of the arbitration clause.

Defendant argues Plaintiff's claim is within the scope of the IHG Agreement because the Monthly Payment Provision modifies and supersedes the Notice Provision of the Conficasa Note. Under Texas law,[3] the Court "must read a contract and its subsequent modifications as a whole, giving effect to new provisions and discarding old provisions which are inconsistent with the new terms." *E.E.O.C. v. R.J. Gallagher Co.*, 181 F.3d 645, 651 (5th Cir. 1999). "Furthermore, [the Court] must interpret a contractual agreement so as to give effect to each and every provision of the

---

[2] In a related case, Plaintiff does not dispute the validity of the IHG Agreement or the enforceability of the arbitration clause under the agreement. *See* H-06-cv-1241, Dkt #6. Plaintiff does not dispute the enforceability of the clause in this case, but argues that it does not apply. The Court finds that the IHG Agreement and its arbitration clause are valid.

[3] Both the IHG Agreement and the Conficasa Note contain choice-of-law clauses adopting Texas law, which neither party contests.

contract." *Id.*

The Monthly Payment Provision in the IHG Agreement is inconsistent with the Notice Provision of the Conficasa Note.  If Plaintiff could demand full payment of the balance immediately after signing the IHG Agreement, the Monthly Payment Provision would have no effect and the language would be nugatory.  Likewise, if Defendant had been paying according to the Monthly Payment Provision,[4] Plaintiff could not rightfully demand the entire balance, since doing so would make the Monthly Payment Provision equally meaningless.  Thus, in order to "give effect" to the Monthly Payment Provision, the Court must "discard" the old Notice Provision.

Because the payment terms of the IHG Agreement specifically address, modify, and supersede the Notice Provision of the Conficasa Note, Plaintiff's claim for breach of the Notice Provision must instead be based upon the superseding Monthly Payment Provision. The Monthly Payment Provision is controlled by the arbitration clause in Paragraph 7, which covers all disputes arising from the IHG Agreement. Accordingly, the Court finds that Plaintiff's claim is subject to arbitration.

**<u>Motion to Dismiss</u>**

The Fifth Circuit has treated motions to dismiss based on forum selection clauses as properly brought under FED. R. CIV. P. 12(b)(3).  *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005); *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 & n. 3 (5th Cir. 1993).  A district court may dismiss, rather than stay an action when all the issues raised in the action are submitted to arbitration.  *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164

---

[4] Because Plaintiff's complaint seeks the entire principal amount of $146,000.00 and interest, the Court assumes Defendant failed to make the monthly payments required by IHG Agreement. *See* Dkt #1.

(5th Cir. 1992). Plaintiff contends this action should be stayed rather than dismissed because the arbitration clause does not specify a number of procedural issues regarding the arbitration. However, the Court is satisfied that these issues can be capably resolved by the arbitrator. Because Plaintiff's only claim in this action is subject to arbitration, there is no reason to stay the action. Therefore, the Court finds dismissal appropriate.

## Conclusion

For the foregoing reasons, Defendant's Rule 12(b)(3) Motion to Dismiss for Improper Venue and to Compel Arbitration is GRANTED.

Signed at Houston, Texas on June 23, 2006.

_____
Gray H. Miller
United States District Judge